**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| Gustavo Flores, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff § § | Civil Action No. 5:20-cv-00212 |
| v. § § | COLLECTIVE ACTION |
| HC Carriers LLC § § | JURY TRIAL DEMANDED |
| Defendant § | |

**ORIGINAL COMPLAINT**

Plaintiff Gustavo Flores ("Flores" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Complaint against HC Carriers LLC ("HCC" or "Defendant"), showing in support as follows:

### I.   NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a day rate basis.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant while paid on an hourly basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Member seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Gustavo Flores

4. Plaintiff is an individual residing in Webb County, Texas. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about July of 2020.

6. At all material times, Plaintiff earned hourly pay at the rate of approximately $23.50 per hour for all hours worked. Defendant did not pay overtime premium pay in the amount of one-half Plaintiff's hourly rate for hours worked over forty (40) in addition to Plaintiff's hourly rate of pay.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B. Collective Action Members

8. The putative Collective Action Members are all current or former employees of Defendant who are/were paid on an hourly basis and who are/were not paid time and one half their respective regular rates of pay for all hours worked over forty (40) during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees paid on an hourly basis who routinely worked in excess of forty (40) hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of § 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### C.   **Defendant HC Carriers LLC**

10. Defendant is a limited liability company formed under the laws of the State of Texas.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

12. Defendant's principal place of business, as listed with the Texas Secretary of State, is 228 Lake Powell Drive; Laredo, Texas 78041.

13. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16. Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, and equipment and supplies used in connection with vacuum truck services.

17. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

18. Defendant may be served with summons through its registered agent Roberto J. Laurel, Jr. at 228 Lake Powell Drive; Laredo, Texas 78041.

### III. JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

20. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

21. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV. FACTUAL BACKGROUND

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. Plaintiff was employed by Defendant as a vacuum truck driver in connection with Defendant's wastewater hauling business operations. Plaintiff transported wastewater from oilfield wellsites in Southern Texas to disposal sites in Southern Texas. Plaintiff never crossed state lines in connection with his work, and Defendant never directed a driver to cross state lines in connection with the waste transportation services it provided.

24. At material times, Defendant paid Plaintiff an hourly rate of approximately $23.50 per hour for all hours worked irrespective of whether Plaintiff had already worked forty

(40) hours in a workweek. Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each and every workweek.

25. For instance, in the pay period beginning on October 21, 2020 and ending on October 27, 2020, Plaintiff worked 74 hours. Defendant paid plaintiff only $1,739.00 (74 hours * $23.50) notwithstanding he worked 34 hours of overtime. Plaintiff was entitled to an additional $399.50 in that workweek, and is entitled to overtime premium pay for all other such weeks in which he worked overtime, which occurred frequently as Plaintiff often worked a schedule of approximately 80 hours of work per week on average.

26. During times relevant, Defendant employs/employed numerous other employees in connection with its wastewater transport business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of forty (40) hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each and every workweek.

### V. FLSA CLAIMS FOR OVERTIME PAY

27. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

28. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

29. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

30. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)

31. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

32. Plaintiff and putative Collective Action Members are/were paid on an hourly basis by Defendant.

33. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

34. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

35. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

36. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

37. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

38. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

39. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. COLLECTIVE ACTION CLAIMS

40. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

41. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

42. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were paid straight time hourly pay for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

43. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid an hourly rate for all hours of work without receiving overtime premium pay for all hours worked over forty (40) in each seven-day workweek.

44. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

45. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

46. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

47. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

48. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

49. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

50. Plaintiff demands a jury trial on behalf of himself and the Collective Action Members on all issues.

## VIII.   DAMAGES AND PRAYER

51. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

> a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;
>
> b. All damages allowed by the FLSA, including back wages;
>
> c. Liquidated damages in an amount equal to FLSA-mandated back wages;

    d. Legal fees, costs and expenses, as permitted under the FLSA;

    e. Pre- and Post-judgment interest, as permitted under the FLSA;

    f. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: December 4, 2020        Respectfully submitted,

          By:    s/Melinda Arbuckle
                Melinda Arbuckle
                Attorney-in-Charge
                State Bar No. 24080773
                Fed. ID No. 2629125
                marbuckle@eeoc.net
                Ricardo J. Prieto
                State Bar No. 24062947
                Fed. ID No. 1001658
                rprieto@eeoc.net
                Shellist Lazarz Slobin LLP
                11 Greenway Plaza, Suite 1515
                Houston, TX 77046
                (713) 621-2277 – Telephone
                (713) 621-0993 – Facsimile

                ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS