IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| Francisco Jasso, individually and on behalf of all others similarly situated, § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 5:20-cv-00212 | |
| HC Carriers LLC, § § § | | |
| Defendant. § | | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Pursuant to the Court's Order of April 18, 2022 (ECF No. 44), the Parties file this Joint Motion for Approval of FLSA Settlement pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), respectfully showing in support as follows.

### I.   INTRODUCTION

In this case, Plaintiff sought damages for allegedly unpaid overtime wages under the FLSA. (ECF No. 5, ¶ 1.) Specifically, Plaintiff and the putative collective action members were vacuum truck drivers who drove purely intrastate and were paid on an hourly basis (*Id.*, ¶¶ 22, 25.) However, Defendant did not pay Plaintiff and the putative collective action members at time and one half their respective regular rates of pay for all hours of overtime, rather paying each at their respective hourly rates for all hours of work ("straight time for overtime"). (*Id.*, ¶¶ 23-25.)

Defendant, for its part, claimed that Plaintiff and the putative collective action members may still be exempt employees pursuant to the Motor Carrier Act, 29 U.S.C. § 213(b)(17). (ECF No. 8, p. 9, ¶ 13.) By entering into the proposed settlement agreement, Defendant has not conceded liability. The Parties agree that the Court properly exerts subject matter jurisdiction over the case and personal jurisdiction over the Defendant.

1

Having engaged in formal and informal discovery, the Parties have reached the settlement agreement attached hereto as Exhibit 1, which they now request that the Court approve.

## II.     PROCEDURAL HISTORY

Originally, Plaintiff Gustavo Flores filed this lawsuit on behalf of himself and a putative collective of driver employees on December 4, 2020, alleging that Defendant violated the FLSA by failing to pay all due and owing overtime wages. (ECF No. 1.) Prior to service of the Defendant, Plaintiff Francisco Jasso substituted as the lead Plaintiff by filing his First Amended Complaint on February 2, 2021 (ECF No. 5).

The Parties began discussing resolution early in the action, resulting in the Court granting a stay. (*See* ECF No. 21.) To avoid protracted litigation and expense, the Parties agreed to engage in informal discovery regarding the merits of the case and the scope of the proposed class(es). Among other things, Defendant produced the records necessary for the Parties to accurately calculate the scope of exposure in the case. Plaintiff provided Defendant with a comprehensive analysis of the payroll records provided by Defendant. The Parties met on several occasions to discuss the legal and factual issues presented by Plaintiffs' claims, Defendant's defenses, and the potential issues regarding collective/class certification and settlement of the Lawsuit. As the Parties continued to work on settlement, they concluded that they would need to engage an experienced FLSA mediator to assist them in resolving the case. (*See* ECF No. 28.)

On March 7, 2022, the Parties attended mediation by Zoom with ADR provider Eric Galton of Lakeside Mediation Center. (*See* ECF No. 39.) After substantial arm's-length negotiations, the case did not resolve at mediation, but resolved the following day. Mr. Galton was able to help the Parties to reach an agreement to settle this case on a collective/opt-in basis. The Parties have identified that the settlement class consists of thirty-seven individuals in the same job role as

Plaintiff, classified as employees and paid on an hourly basis, who did not receive pay at the rate of time and one-half their respective hourly rates of pay and who will receive significant compensation through this settlement. Indeed, the average recovery after attorney's fees and costs have been deducted is approximately $3,900. Individuals with a long tenure with the company will receive as much as $18,000.

### III.   AGREED MOTION FOR FLSA CERTIFICATION FOR SETTLEMENT PURPOSES

The Court has not yet certified a collective action under *Swales*. (ECF No. 45.) The Parties stipulate and agree for purposes of the settlement only that notice of the settlement to all individuals described by the class definition in Plaintiff's First Amended Complaint is proper under the relevant standard, and that the collective action members are similarly situated in all relevant respects under the FLSA. (*See* Ex. 1, ¶ 7.) In the event the Court does not approve of the settlement in this case, the Parties will return to their respective postures and may or may not agree to issuance of notice to the putative collective action members. (*See id.*)

### IV.   SUMMARY OF SETTLEMENT

The Parties have reached a settlement agreement which provides substantial monetary relief to the settlement class. Specifically, the settlement reflects full back pay and slightly over half of the claimed liquidated damages in this case. Plaintiff calculated the total back pay due to Plaintiff and the putative collective action members to total to $163,832.80. The Settlement provides gross relief in the amount of $248,515.20. This gross settlement amount is well-within the range of acceptable compromise in FLSA cases, and Plaintiff and the putative collective action members will each receive over 85% of their calculated back pay after deducting attorney's fees and costs, which is an excellent result.

The settlement is structured as a claims-made, reversionary FLSA settlement, meaning that each settlement class member will have the option to claim the funds made available under the settlement in exchange for a release of his wage and hour claims, or to reject the offer and proceed without releasing his claims.

## V.     AUTHORITY IN SUPPORT OF SETTLEMENT

The FLSA provides that in certain circumstances courts must approve FLSA collective action settlements. 29 U.S.C. § 216(c). Under Section 216(b) of the FLSA, an employee may settle and release claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id. See also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

When, as here, the Court conducts a judicial review and approval of a settlement agreement, the Court must be satisfied that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

Most critically, this settlement compromises a bona fide dispute regarding the application of the FLSA. Specifically at issue in this lawsuit was the question of whether Plaintiff and the putative collective action members were exempt employees under the Motor Carrier Act. (ECF No. 8, p. 9, ¶ 13.) In such instances, courts will approve compromises of backpay damages under the FLSA. *See, e.g., Apollo Strong v. Marathon Res. Mgmt. Group, LLC*, 1:18-CV-634-RP, 2020 WL 12597672, at *2 (W.D. Tex. Feb. 26, 2020); *Alaniz*, 2016 WL 6462206, at *2 (approving a settlement agreement where exempt status and regular rate were at issue); *Ibarra v. Del's Grass*

4

*Farm Ltd.*, No. SA-21-CV-00252-ESC, 2022 WL 1157657, at *2 (W.D. Tex. Apr. 18, 2022) (approving a negotiated settlement involving drivers allegedly covered by the FLSA's agricultural exemption).

The Parties agree as to the apportionment and distribution of the settlement funds. The Parties also agree that the FLSA settlement is in the best interest of all Parties and is fair and reasonable. (*See* Ex. 1, ¶ 8) The settlement is in the best interest of the Parties as it reduces the time that the settlement class would have to wait to receive payment were the case to proceed to trial, reduces risk to both Parties of an unfavorable judgment, and favors judicial economy. Furthermore, the settlement is fair and reasonable as the amount and terms of the settlement were the result of arm's-length negotiations mediated by an experienced neutral.

## VI.  CONCLUSION AND PRAYER

In sum, the settlement agreement is fair and reasonable, was reached as the result of arm's-length negotiation through a respected and experienced neutral, and is in the best interest of the Parties as it reduces the risk of exposure or trial loss. For all of the foregoing reasons, and in light of the Parties' settlement, Plaintiff now respectfully requests that the Court approve the Parties' settlement agreement under the FLSA and dismissing the case.

Dated:  May 6, 2022                                  Respectfully submitted,

                                                     SHELLIST LAZARZ SLOBIN LLP

                                         By:    s/Melinda Arbuckle
                                                Melinda Arbuckle
                                                Attorney-in-Charge
                                                State Bar No. 24080773
                                                Federal ID No. 2629125
                                                marbuckle@eeoc.net
                                                Ricardo J. Prieto
                                                Federal ID No. 1001658
                                                State Bar No. 24062947
                                                rprieto@eeoc.net

>11 Greenway Plaza, Suite 1515
>Houston, TX 77046
>(713) 621-2277 – Telephone
>(713) 621-0993 – Facsimile
>
>ATTORNEYS FOR PLAINTIFF
>
>&
>
>STEPTOE & JOHNSON PLLC
>
>By:   */s/Catherine V. Funkhouser*
>      Catherine V. Funkhouser
>      State Bar No. 24037307
>      Southern District No: 38779
>      cate.funkhouser@steptoe-johnson.com
>      1780 Hughes Landing Boulevard, Suite 750
>      The Woodlands, Texas 77380
>      (281) 203-5700
>
>      Michael J. Moore (*pro hac vice*)
>      West Virginia State Bar No.: 12009
>      Michael.moore@steptoe-johnons.com
>      400 White Oaks Boulevard
>      Bridgeport, WV 26330
>      (304) 933-8153
>
>      Joseph U. Leonoro (*pro hac vice*)
>      West Virginia State Bar No.: 10501
>      Joseph.Leonoro@steptoe-johnson.com
>      P.O. Box 1588
>      Charleston, WV 25326
>      (304) 353-8000
>
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On May 6, 2022, I filed the foregoing document with the Clerk of Court for the United States District Court for the Southern District of Texas using the CM/ECF system of the Court. I certify that all counsel of record were electronically served with a true and correct copy of this document thereby.

>s/Melinda Arbuckle
>Melinda Arbuckle